**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **CYNTHIA HURST**, *et al.*, | : Case No. 5:19-cv-315 |
| Plaintiffs, | : |
| vs. | : Judge John R. Adams |
| **CALIBER HOME LOANS, INC.,** | : |
| Defendant. | : |

**ANSWER OF DEFENDANT TO COMPLAINT**

Defendant Caliber Home Loans, Inc. ("Caliber") by and through counsel and for its Answer to Plaintiffs' Complaint (the "Complaint") states as follows:

**INTRODUCTION**

1. Caliber denies the allegations of Paragraph 1 of the Complaint.

**PRELIMINARY STATEMENT**

2. The allegations of Paragraph 2 of the Complaint do not require a response. To the extent a response is deemed necessary, Caliber denies the allegations of Paragraph 2 of the Complaint.

**JURISDICTION**

3. Caliber admits the allegations of Paragraph 3 of the Complaint.

4. Caliber denies the allegations of Paragraph 4 of the Complaint except to the extent a valid federal question claim remains pending.

5. Caliber admits the allegations of Paragraph 5 of the Complaint.

6. Caliber admits that the Court has personal jurisdiction over Caliber. Caliber denies the remaining allegations of Paragraph 6 of the Complaint.

7. Caliber admits that venue is proper in this Court. Caliber denies the remaining allegations of Paragraph 7 of the Complaint.

**PARTIES**

8. Caliber lacks information sufficient to admit or deny the allegations of Paragraph 8 of the Complaint, and on that basis denies the allegations.

9. Caliber lacks information sufficient to admit or deny the allegations of Paragraph 9 of the Complaint, and on that basis denies the allegations.

10. Paragraph 10 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Caliber denies the allegations of Paragraph 10 of the Complaint.

11. Caliber admits the allegations of Paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Caliber denies the allegations of Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Caliber denies the allegations of Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Caliber denies the allegations of Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Caliber denies the allegations of Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Caliber denies the allegations of Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Caliber denies the allegations of Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Caliber denies the allegations of Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Caliber denies the allegations of Paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Caliber denies the allegations of Paragraph 20 of the Complaint.

**GENERAL ALLEGATIONS**

21. In response to Paragraph 21 of the Complaint, Caliber incorporates its responses to Paragraphs 1-20 of the Complaint as though rewritten herein.

22. Caliber denies the allegations of Paragraph 22 of the Complaint.

23. Caliber admits the allegations of Paragraph 23 of the Complaint.

24. Caliber admits that Plaintiffs provided certain documents to Caliber in support of a loss mitigation application on or around March 21, 2018. Caliber denies the remaining allegations of Paragraph 24 of the Complaint.

25. Caliber admits that Plaintiffs submitted additional documents in support of a loss mitigation application on or about March 26, 2018. Caliber denies that Plaintiffs loss mitigation application was complete at that time. Caliber denies the remaining allegations of Paragraph 25 of the Complaint.

26. Caliber denies the allegations of Paragraph 26 of the Complaint.

27. Caliber denies the allegations of Paragraph 27 of the Complaint.

28. Caliber denies the allegations of Paragraph 28 of the Complaint.

29. Caliber denies the allegations of Paragraph 29 of the Complaint.

30. Caliber denies the allegations of Paragraph 30 of the Complaint.

31. Caliber denies the allegations of Paragraph 31 of the Complaint.

32. Caliber admits that, on or around March 28, 2019 Caliber requested that Plaintiffs correct issues with Plaintiffs' submission of certain documents in support of Plaintiffs' loss mitigation application. Caliber denies the remaining allegations of Paragraph 32 of the Complaint.

33. Caliber admits that, on or about April 2, 2018 Caliber received additional documents from Plaintiffs in support of Plaintiffs' loss mitigation application. Caliber denies the remaining allegations of Paragraph 33 of the Complaint.

34. Caliber lacks information sufficient to admit or deny the allegations of Paragraph 34 of the Complaint, and on that basis denies the allegations.

35. Caliber denies the allegations of Paragraph 35 of the Complaint.

36. Caliber denies the allegations of Paragraph 36 of the Complaint.

37. Caliber admits that Plaintiffs submitted additional documents in support of their loss mitigation application on or around April 5, 2018. Caliber denies the remaining allegations of Paragraph 37 of the Complaint.

38. Caliber admits that, on or about May 1, 2018, Caliber requested additional documents or information from Plaintiffs in support of their loss mitigation application. Caliber denies the remaining allegations of Paragraph 38 of the Complaint.

39. Caliber admits that, on or about May 4, 2018, Plaintiffs submitted additional documents in support of their loss mitigation application. Caliber denies the remaining allegations of Paragraph 39 of the Complaint.

40. Caliber denies the allegations of Paragraph 40 of the Complaint.

41. Caliber admits that Plaintiffs provided additional documents in support of their loss mitigation application on or about June 20, 2018. Caliber denies the remaining allegations of Paragraph 41 of the Complaint.

42. Caliber admits that the Foreclosure Action was filed June 18, 2018. Caliber denies the remaining allegations of Paragraph 42 of the Complaint.

43. Caliber admits that it requested additional documents in support of Plaintiffs' loss mitigation application on or about June 25, 2018. Caliber denies the remaining allegations of Paragraph 43 of the Complaint.

44. Caliber admits that it received additional documents from Plaintiffs on or about June 25, 2018 and June 29, 2018 in support of Plaintiffs' loss mitigation application. Caliber denies the remaining allegations of Paragraph 44 of the Complaint.

45. Caliber admits that Exhibit B to the Complaint is a true and accurate copy of a letter sent by Caliber to Plaintiffs. Caliber denies the remaining allegations of Paragraph 45 of the Complaint.

46. Caliber admits that, on July 9, 2018, Plaintiffs filed a request for mediation in the Foreclosure Action. Caliber denies the remaining allegations of Paragraph 46 of the Complaint.

47. Caliber admits the allegations of Paragraph 47 of the Complaint.

48. Caliber admits the allegations of Paragraph 48 of the Complaint.

49. Caliber admits that Exhibit C to the Complaint is a true and accurate copy of a letter sent by Caliber to Plaintiffs. Caliber denies the remaining allegations of Paragraph 49 of the Complaint.

50. Caliber denies the allegations of Paragraph 50 of the Complaint.

51. Caliber admits that Exhibit D to the Complaint is a true and accurate copy of a letter sent by Caliber to Plaintiffs. Caliber denies the remaining allegations of Paragraph 51 of the Complaint.

52. Caliber admits that Exhibit E to the Complaint is a true and accurate copy of a letter sent by Caliber to Plaintiffs. Caliber denies the remaining allegations of Paragraph 52 of the Complaint.

53. Caliber admits that Exhibit F to the Complaint is a true and accurate copy of a letter sent by Caliber to Plaintiffs. Caliber denies the remaining allegations of Paragraph 53 of the Complaint.

54. Caliber admits that it received additional documents from Plaintiffs related to Plaintiffs loss mitigation application on or about October 12, 2018. Caliber denies the remaining allegations of Paragraph 54 of the Complaint.

55. Caliber admits that Exhibit G to the Complaint is a true and accurate copy of a letter sent by Caliber to Plaintiffs. Caliber denies the remaining allegations of Paragraph 55 of the Complaint.

56. Caliber denies the allegations of Paragraph 56 of the Complaint.

57. Caliber admits that Exhibit H to the Complaint is a true and accurate copy of a letter sent by Caliber to Plaintiffs. Caliber denies the remaining allegations of Paragraph 57 of the Complaint.

58. Caliber lacks information sufficient to admit or deny the allegations of Paragraph 58 of the Complaint, and on that basis denies the allegations.

59. Caliber denies the allegations of Paragraph 59 of the Complaint.

60. Caliber denies the allegations of Paragraph 60 of the Complaint.

61. Caliber admits that, on or about December 21, 2018, Caliber received additional documents from Plaintiffs related to Plaintiffs' loan modification application. Caliber denies the remaining allegations of Paragraph 61 of the Complaint.

62. Caliber denies the allegations of Paragraph 62 of the Complaint.

63. Caliber admits that Exhibit I to the Complaint is a true and accurate copy of a document which Caliber received from Plaintiffs. Caliber denies the remaining allegations of Paragraph 63 of the Complaint.

64. Caliber denies the allegations of Paragraph 64 of the Complaint.

65. Caliber denies the allegations of Paragraph 65 of the Complaint.

66. Caliber denies the allegations of Paragraph 66 of the Complaint.

**COUNT ONE- RESPA**

67. In response to Paragraph 67 of the Complaint, Caliber incorporates its responses to Paragraphs 1-66 of the Complaint as if fully restated herein.

68. Paragraph 68 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Caliber denies the allegations of Paragraph 68 of the Complaint.

69. Paragraph 69 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Caliber denies the allegations of Paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Caliber denies the allegations of Paragraph 70 of the Complaint.

71. Paragraph 71 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Caliber denies the allegations of Paragraph 71 of the Complaint.

72. Paragraph 72 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Caliber denies the allegations of Paragraph 72 of the Complaint.

73. Caliber denies the allegations of Paragraph 73 of the Complaint.

74. Caliber denies the allegations of Paragraph 74 of the Complaint.

75. Caliber denies the allegations of Paragraph 75 of the Complaint.

76. Caliber denies the allegations of Paragraph 76 of the Complaint.

77. Caliber denies the allegations of Paragraph 77 of the Complaint.

78. Caliber denies the allegations of Paragraph 78 of the Complaint.

79. Caliber denies the allegations of Paragraph 79 of the Complaint.

80. Caliber denies the allegations of Paragraph 80 of the Complaint.

81. Caliber denies the allegations of Paragraph 81 of the Complaint.

## COUNT TWO- CSPA FOR RESPA VIOLATIONS

82. In response to Paragraph 82 of the Complaint, Caliber incorporates its responses to Paragraphs 1-81 of the Complaint as if fully rewritten herein.

83. Paragraph 83 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Caliber denies the allegations of Paragraph 83 of the Complaint.

84. Caliber denies the allegations of Paragraph 84 of the Complaint.

85. Paragraph 85 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Caliber denies the allegations of Paragraph 85 of the Complaint.

86. Paragraph 86 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Caliber denies the allegations of Paragraph 86 of the Complaint.

87. Paragraph 87 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Caliber denies the allegations of Paragraph 87 of the Complaint.

88. Paragraph 88 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Caliber denies the allegations of Paragraph 88 of the Complaint.

89. Paragraph 89 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Caliber denies the allegations of Paragraph 89 of the Complaint.

90. Paragraph 90 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Caliber denies the allegations of Paragraph 90 of the Complaint.

91. Paragraph 91 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Caliber denies the allegations of Paragraph 91 of the Complaint.

92. Paragraph 92 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Caliber denies the allegations of Paragraph 92 of the Complaint.

93. Caliber denies the allegations of Paragraph 93 of the Complaint.

94. Caliber denies the allegations of Paragraph 94 of the Complaint.

95. Caliber denies the allegations of Paragraph 95 of the Complaint.

96. Caliber denies the allegations of Paragraph 96 of the Complaint.

97. Caliber denies the allegations of Paragraph 97 of the Complaint.

98. Caliber denies the allegations of Paragraph 98 of the Complaint.

99. Caliber denies the allegations of Paragraph 99 of the Complaint.

Caliber denies that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state claims upon which relief can be granted.

2. Plaintiffs' claims are barred by the statute of limitations.

3. Plaintiffs' claims are barred by the doctrines of estoppel and waiver.

4. Plaintiffs' claims are barred by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the doctrine of laches.

6. Plaintiffs' claims are barred, at least in part, because some of the actions or inactions of Caliber referenced in the Complaint took place as part of an ongoing mediation in the Foreclosure Action.

7. Caliber is a holder in due course of Plaintiffs' promissory note, and is therefore entitled to all the resulting rights and protections.

8. Plaintiffs' alleged injuries were caused in whole or in part by the actions or inactions of third parties over whom Caliber had no control.

9. Plaintiffs' alleged injuries were caused in whole or in part by Plaintiffs' own actions or inactions.

10. Plaintiffs failed to submit a complete or facially complete loss mitigation application.

11. To the extent that Plaintiffs are determined to have submitted a complete or facially complete loss mitigation application, Caliber is only required to comply with the regulations of 12 CFR § 1024.41, to the extent they are applicable, for a single complete loss mitigation application.

12. The Complaint fails to state a claim upon which punitive damages or attorney fees can be granted.

13. Plaintiffs have failed to mitigate damages.

14. Caliber reserves the right to assert such additional or different affirmative and other defenses under all applicable state and federal law as may be discovered during the course of discovery or additional investigation.

WHEREFORE, Caliber respectfully requests that this Court enter an Order that dismisses Plaintiffs' claims, grants judgment to Caliber, and that awards Caliber its costs, expenses and reasonable attorneys' fees in defending this proceeding, and that it grants such other relief as is just and proper.

Dated: May 15, 2019                                          Respectfully submitted,

*/s/ Robert C. Folland*
Robert C. Folland (0065728)
David J. Dirisamer (0092125)
BARNES & THORNBURG LLP
41 South High Street, Suite 3300
Columbus, OH  43215
614-628-0096 (Telephone)
614-628-1433 (Facsimile)
Rob.Folland@btlaw.com
David.Dirisamer@btlaw.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

    I hereby certify that on May 15, 2019, a copy of the foregoing was filed with the Court's CM/ECF system and electronically served on all parties of record.

                                               */s/ Robert C. Folland*
                                               Robert C. Folland