IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Cynthia Hurst, *et al.* | Case No. 5:19-cv-315 |
| vs. | Judge John R. Adams |
| Caliber Home Loans, Inc. | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT,** *INSTANTER*

Plaintiffs Cynthia Hurst and Thomas Persell (the "Hursts"), by and through counsel, respectfully move the Court for an order granting leave to file the attached Amended Complaint instanter, pursuant to Civ. R. 15(a)(2). The Hursts wish to simplify this case by removing the state law claim and clarifying portions of their claims under the Real Estate Settlement Procedures Act ("RESPA") based on documents they received in discovery.

Prior to this filing, the Hursts sought Defendant's consent for leave to file an amended Complaint pursuant to Local Rule 7.3(b) and Civ. R. 15(a)(2). However, Defendant stated it was not in a position to consent or object at the time of the request. This Motion is not brought for purposes of delay, is not made in bad faith, and will not prejudice Defendant. The grounds for this Motion for Leave are discussed more fully in the attached Memorandum in Support.

Respectfully Submitted,
DOUCET & ASSOCIATES CO., L.P.A


/s/Andrew J. Gerling_____
Andrew J. Gerling (0087605)
*Attorney for Defendants Cynthia Hurst and Thomas Persell*
700 Stonehenge Parkway, Suite 2B
Dublin, OH 43017
PH: 614-944-5219
FAX: 818-638-5548
Andrew@Doucet.Law

1

## MEMORANDUM IN SUPPORT

**I.  INTRODUCTION**

Cynthia Hurst ("Mrs. Hurst") and Thomas Persell ("Mr. Persell") (collectively, the "Hursts") seek to file an Amended Complaint to: (1) address the Court's concern over the default showing that it was the result of an agreed refinance and not simply non-payment; (2) clarify their existing claims under RESPA based on documents produced by Caliber; and (3) simplify this case by removing their state law claim.  The proposed Amended Complaint does not add any additional parties or counts to this lawsuit.  Amending the Complaint will not prejudice Defendant Caliber Home Loan, Inc. ("Caliber") because it only adds factual allegations concerning information already within Caliber's control.  Further, Caliber has not yet taken the Hursts' depositions.  Accordingly, the Hursts respectfully request the Court grant them leave to file the attached Amended Complaint instanter.

**II.  FACTS**

The parties attended the Case Management Conference on May 21, 2019.  The Case Management Plan does not state a deadline for amending the pleadings.  Doc. #15.  The discovery cut-off is August 19, 2019, and dispositive motions are due September 3, 2019.  *Id.*  Following the conference, the parties scheduled depositions.  The Hursts have the deposition of Caliber's corporate representative scheduled for July 18, 2019.  Caliber is set to take the depositions of the Hursts on August 6, 2019.

In June 2019, Caliber produced some 3,000 documents.  In those documents was a letter dated May 31, 2018.  See Exhibit B attached to Amended Complaint.  This letter shows Caliber provided the Hursts an additional 30 days to submit paperwork, but it nevertheless filed a foreclosure lawsuit on June 19, 2018 in violation of 12 C.F.R. § 1024.41(f).  The original

Complaint already has a claim under 1024.41(f), but the Hursts seek leave to incorporate these factual allegations in further support of that claim.

In preparing the Amended Complaint, the Hurst decided to address the Court's concern over the timing of the default. The Hursts seek leave to incorporate allegations showing they were scheduled for a closing on an FHA Streamline refinance to reduce the interest rate on the loan (see Exhibit A at ¶¶ 19-35). The default was the result of Caliber pushing the closing date for several months. *Id.* The Hurst also determined they would like to simplify this case and remove the state law claim under the Ohio Consumer Sales Practices Act. The Hursts did not add any claims outside of their 1024.41 claims.

On June 20, 2019, the Hursts sent Caliber a copy of their proposed Amended Complaint. They followed up on several occasions. On June 25, 2019, Caliber stated it was not in a position to consent, but told the Hursts to go forward with moving the Court. The Hursts now seek leave to file their Amended Complaint attached as Exhibit 1.

### III. LAW & ANALYSIS

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the Court's leave. The Court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). That standard was construed by the Supreme Court in *Foman v. Davis*, 371 U.S. 178, 182 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc. — the leave sought should be "freely given."

3

*See Duggins v. Steak 'N Shake*, 195 F.3d 828, 834 (6th Cir. 1999). Thus, the presumption here is that leave should be "freely granted." *Wagner v. White Castle System, Inc.*, No. 2:14-CV-00994, 2014 WL 12652349, at *2 (S.D. Ohio Nov. 17, 2014).

None of the expressed exceptions described in *Foman* are present in this case. Instead, the Hursts merely seeks to remove the state law claim and add facts clarifying their existing claim under RESPA. This does not change the substance of the claims against Caliber. The Amended Complaint does not alter the substance of the original allegations, does not change the theory of liability, and does not expand allegations to reach new and unrelated misconduct. Therefore, Caliber will suffer no undue prejudice if leave is granted.

Further, there is no evidence of bad faith, undue delay, or dilatory motive. The case is currently in the discovery phase. Caliber is not scheduled to take the Hursts' depositions until August 2019. If anything, the Amended Complaint provides Caliber with a greater understanding of the Hursts existing RESPA claim prior to taking their depositions. It further should not require any additional discovery outside of what the parties are in the process of conducting. Accordingly, the Hursts' Motion for Leave should be "freely granted."

**CONCLUSION**

For the foregoing reasons, the Hursts respectfully request the Court grant them leave and issue an order that the Amended Complaint is filed of record.

4

        Respectfully Submitted,
        DOUCET & ASSOCIATES CO., L.P.A


        /s/Andrew J. Gerling_____
        Andrew J. Gerling (0087605)
        *Attorney for Defendants Cynthia Hurst and Thomas Persell*
        700 Stonehenge Parkway, Suite 2B
        Dublin, OH 43017
        PH: 614-944-5219
        FAX: 818-638-5548
        Andrew@Doucet.Law

## CERTIFICATE OF SERVICE

      I hereby certify that on July 1, 2019, a copy of the foregoing was filed with the Court's CM/ECF System and electronically served on all parties of record.

David J. Dirisamer (0092125)
Robert C. Folland (0065728)
BARNES & THORNBURG LLP
41 South High Street, Suite 3300
Columbus, OH 43215
614-628-0096 (Telephone)
614-628-1433 (Facsimile)
David.Dirisamer@btlaw.com
Rob.Folland@btlaw.com
*Counsel for Defendant Caliber Home Loans, Inc.*

                                            /s/*Andrew J. Gerling*
                                            Andrew J. Gerling (0087605)